IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STEVEN KYLE DAVIS,**

                **Plaintiff,**

      v.                                    CASE NO. 21-3071-SAC

**LAURA KELLY,**

                **Defendant.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

**I. Nature of the Matter before the Court**

Plaintiff, a pretrial detainee in Sedgwick County Jail, filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1, p. 1.) Plaintiff purports to bring this action "on behalf of all inmates awaiting trial," and he names Governor Laura Kelly as defendant. *Id.* As the factual background for this complaint, Plaintiff alleges that he was criminally charged and detained in July 2019. (Doc. 1-1, p. 1.) In March 2020, in response to the COVID-19 pandemic, Defendant issued an order "shutting down" Kansas state courts. (Doc. 1, p. 3, 5).

As Count I of his complaint, Plaintiff claims that Defendant's emergency order violated his right to a speedy trial under the Sixth Amendment to the United States Constitution. (Doc. 1, p. 5.) As Count II, Plaintiff claims that Defendant's order violated his right to a speedy trial under Section 10 of the Kansas Constitution

Bill of Rights. *Id.* As a supporting fact for his claims, he specifically alleges that he has been detained and awaiting trial for nearly 2 years. *Id.* at 4. In his request for relief, Plaintiff seeks $500,00.00. *Id.* at 7.

**II. Screening Standards**

Because Plaintiff is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**III. Discussion**

   **A. Plaintiff**

Plaintiff, who is proceeding pro se, asserts that he brings this action "on behalf of all inmates awaiting trial." (Doc. 1, p. 1.) It is well established that a pro se individual may not represent others in court, even as a class representative. See *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Moreover, Plaintiff must base a § 1983 claim on an alleged violation of his own personal rights, not the rights of others. *See Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

   **B. Defendant**

Plaintiff names Governor Laura Kelly as the sole defendant.

(Doc. 1, p. 1.) Under the Eleventh Amendment to the United States Constitution, Defendant generally is immune from suit. *See Lynn v. Willnauer*, Case No. 5:19-cv-03117-HLT, 2021 WL 1390384, at *17 (D. Kan. April 13, 2021)("Governor Kelly also enjoys Eleventh Amendment immunity."). "The Eleventh Amendment presents a jurisdictional bar to suits against a state and 'arms of the state' unless the state waives its immunity." *Id.* (citing *Peterson v. Martinez*, 707 F.3d 197, 1205 (10th Cir. 2013)). "It also extends to 'suit[s] against a state official in his or her official capacity' because such suits are 'no different from a suit against the State itself.'" *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Thus, it appears that Defendant is not a proper defendant to this action.

### C. Requested Relief

Finally, Plaintiff seeks only monetary damages. The United States Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). A judgment of this Court that Plaintiff's speedy trial rights have been violated "would

necessarily imply the invalidity" of any future conviction on those charges, so Plaintiff's claim for damages is not cognizable under § 1983. To the extent that Plaintiff intended to or wishes to seek dismissal of the charges pending against him and release from custody, that form of relief must be requested in a petition for writ of habeas corpus.

**IV. Response Required**

For the reasons stated above, it appears that this action is subject to dismissal in its entirety for failure to state a cognizable claim under 42 U.S.C. § 1983 and failure to identify a proper defendant. Plaintiff is therefore required to show good cause, in writing, why his complaint should not be dismissed. If Plaintiff does not file a response within the prescribed time, this matter may be dismissed without further notice to the Plaintiff.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted to and including **August 9, 2021,** to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED: This 9th day of July, 2021, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge